UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

LAURA LUGO,

     Plaintiff,

         v.                    CIV. NO. 09-1522 (PG)

AVON PRODUCTS, INC.,

     Defendant.

## OPINION AND ORDER

    Plaintiff Laura Lugo (hereinafter "Plaintiff" or "Lugo") filed this action pursuant to the Age Discrimination in Employment Act ("ADEA" or "the Act"), 29 U.S.C. § 623, against her former employer Avon Products, Inc. ("Avon" or "Defendant" or "the Company"), alleging discrimination on the basis of age and retaliation for engaging in protected conduct. See Docket No. 1. Specifically, Lugo claims that she was the victim of harassment and a hostile work environment and that she was transferred and eventually fired in violation of the Act. See id. Lugo also pleads supplemental state law claims for age discrimination under Puerto Rico's anti-discrimination statute, Law No. 100 of June 30, 1959 ("Law No. 100"), P.R. Laws Ann. tit. 29, § 146, *et seq.*; Puerto Rico's wrongful termination statute, Law No. 80 of May 30, 1976 ("Law No. 80"), P.R. Laws Ann. tit. 29, § 185, *et seq.*; and, Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code ("Article 1802"), P.R. Laws Ann. tit. 31, § 5141.

    Upon careful review, the Court granted in part and denied in part Avon's motion for summary judgment in an Opinion and Order of March 1, 2011. See Docket No. 62. Therein, the Court dismissed Lugo's discriminatory transfer and hostile work environment claims under ADEA; however, the Plaintiff's ADEA termination and retaliation claims, as well as her supplemental state law claims, remained pending disposition. See id.

    Shortly thereafter, Avon filed a motion for reconsideration seeking that the Court amend its ruling. See Docket No. 66. The Plaintiff timely opposed said motion (Docket No. 73) and the Defendant repled (Docket No. 75). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** the Defendant's motion.

CIV. NO. 09-1522 (PG)                                                    Page 2

## I. STANDARD OF REVIEW

Fed.R.Civ.P. 59(e) allows a party, within twenty-eight (28) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. See Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir.2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir.1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir.1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. See Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir.2003).

## II. DISCUSSION

### A. ADEA Retaliation Claim

In our Opinion and Order of March 1st, 2011 (Docket No. 62), the Court found that the Defendant limited its discussion in favor of the entry of summary judgment as to Lugo's ADEA retaliation claim on the lack of temporal proximity between her protected conduct and her termination, thus failing to address adverse employment acts that arguably took place shortly after Lugo complained of discrimination, such as her negative job evaluation and her placement in a probationary period. See Docket No. 62. Avon now requests that this Court reconsider its ruling. See Docket No. 66. Avon explains that it had focused its discussion of the ADEA retaliation claim on Plaintiff's discharge because a retaliatory termination was the only claim it was defending against pursuant to Plaintiff's allegations in the complaint and during the discovery process. Avon argues that because Plaintiff did not allege or disclose that Avon also retaliated against her by placing her in a probationary period or by taking any other adverse employment action, the Plaintiff was enjoined from arguing in her opposition to the motion for summary judgment that any adverse employment action other than her termination precluded the entry of summary

CIV. NO. 09-1522 (PG)                                                        Page 3

judgment as to the ADEA retaliation claim.[1] See Docket No. 66. In her response
(Docket No. 73), the Plaintiff raised several arguments, which will be
addressed in turn.

The Plaintiff first argues that her allegations in the complaint comply
with the tenets of FED.R.CIV.P. 8, and thus, enough facts were alleged to
sustain a claim of retaliation under ADEA. See Docket No. 73 at page 6. In our
Opinion and Order, we specifically held that adverse employment actions (other
than her termination) prevented the entry of summary judgment as to Lugo's
retaliation claim because they were temporally close to Lugo's internal
complaint of discrimination. These adverse employment actions included, as
argued by the Plaintiff in her opposition to the motion for summary judgment,
the following:

> (1) not following up on Lugo's discrimination complaint
> as required by Avon's written policy of discrimination;
> (2) trying to discredit Lugo's performance by putting
> her in a probationary period without documenting the
> same as required by Avon's probationary period policy;
> (3) improperly assessing Lugo's 2007 performance
> evaluation as the worst performance in her 16 years of
> employment with Avon; (4) failing to properly document
> her performance evaluation; (5) failing to follow
> Avon's Performance Management Plan procedure in order
> to ensure the proper documentation of the PMP; (5)
> failure to properly document Lugo's alleged failure to
> perform on 2008; (6) failing to properly document
> Lugo's approval of the probationary period; and,
> (7) failing to properly document Lugo's achievements
> after her probationary period ended.

See Docket No. 62 at page 21-22. However, the complaint states the following
relevant allegations as to Lugo's claim of retaliation:

> 1. This action is brought pursuant to the Age
> Discrimination in Employment Act (hereinafter, "ADEA"),
> 29 U.S.C. § 621 et seq., Puerto Rico's Law No. 100 of
> June 30, 1959, 29 L.P.R.A. § 146 et seq., and Puerto
> Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a
> et seq., seeking compensatory, double and liquidated
> damages, severance pay, back pay, and equitable and
> injunctive relief to seek redress for defendant's
> harassment, hostile work environment, **retaliation
> unlawful employment termination**, and defendant's
> discriminatory practices against Plaintiff Laura Lugo
> on the basis of age.

---

[1]The Court notes that this argument could have more efficiently been raised in
Defendant's reply memoranda, thereby obviating the need for a motion for reconsideration on
the matter. Nevertheless, we shall discuss it herein.

> 31. On that same date, Plaintiff sent a letter to
> Edgardo Ruiz, Avon's Human Resources Director,
> informing among other things, that her removal as
> District Zone Manager for District Zone 23, was
> addressed to compel Plaintiff's resignation and that
> said removal constituted discrimination on the basis of
> age. This was not the only occasion that Plaintiff
> complained and/or expressed her objections to the
> employment actions taken against her because of her
> age.

**Fourth Cause of Action**
**Retaliation**

> 67. Plaintiff repeats and realleges each and every
> preceding paragraph as if fully set herein.
>
> 68. **Plaintiff was dismissed after she complained about
> the fact that her transfer from District Zone 23 to
> District Zone 10 was because of her age.** Defendant
> conduct was willful and in reckless disregard of
> Plaintiff's federally and locally protected rights
> under ADEA and Puerto Rico Law 100, as well as other
> Puerto Rico statutory provisions. Accordingly Plaintiff
> is entitle [sic] to damages, double damages, back pay,
> reinstatement and/or front pay for those acts of
> retaliation.

See Docket No. 1. As stems from the foregoing citation of the complaint, and as pointed out by the Defendant, none of the additional adverse employment actions that Plaintiff argued in her response to the motion for summary judgment as being related to her retaliation claim were included in her pleadings.

It is the law of this court, however, that "summary judgment is not a procedural second chance to flesh out inadequate pleadings." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 24 (1st Cir.1990).

> [T]he necessary factual averments are required with
> respect to each material element of the underlying
> legal theory. … This burden, of course, rests squarely
> upon the pleader; initial failure to satisfy the burden
> in no way obligates the district court to allow the
> parties an opportunity to offer matters outside the
> pleadings.

Id. Furthermore, "[i]t simply will not do for a plaintiff to fail to plead with adequate specificity facts to support a … claim, all-the-while hoping to play that card if her initial hand is a dud." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 85 (1st Cir.2008) (citing Fleming, 922 F.2d at 24). Therefore, the Court concludes that Plaintiff's ADEA retaliation claim is limited to her termination as the adverse employment action that resulted from engaging in protected conduct.

Plaintiff also contends in its response that it could not have alleged facts that were unknown to her at the time the complaint was filed and could have only been raised after discovery was conducted.

> In this case, plaintiff found out about Avon's departure from its policies and procedures regarding the employment evaluation and probationary period only after the production of documents were provided to plaintiff, the depositions of Roxanna Vilella, Edgardo Ruiz and Dennis Roman were taken and the probationary period policy was provided. Plaintiff was prevented to argue that this [sic] were adverse employment actions until it had factual evidence that the same were arbitrary and capriciously taken.

See Docket No. 73 at page 6. In reply, the Defendant purports that at the time the complaint was filed, the Plaintiff must have had knowledge of some of the other incidents which she now claims are retaliatory adverse employment actions, such as her poor evaluation and her placement in a probationary period, but failed to include them in the complaint. See Docket No. 75. However, the Court notes that in the complaint Lugo alleges that she "not only met Avon's expectations and goals, and was commended for her work, but **she was never reprimanded** for any failure or deficiency in the performance of her job." See Docket No. 1 at ¶ 26 (emphasis ours). At any rate, regardless of whether Plaintiff knew, knew not, or should have known, the Court is certain that at some point during the discovery process, which ended a year after the complaint was filed, see Docket No. 33, the Plaintiff came across this information. As a result, the Plaintiff now seeks leave to amend the complaint under FED.R.CIV.P. 15(a) to include additional adverse employment actions as part of its claim of retaliation, see Docket No. 73, but the Defendant opposes the amendment in light of the untimeliness of this request, see Docket No. 75.

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2). The First Circuit Court of Appeals finds that "Rule 15(a) reflects a liberal amendment policy … ." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir.2009) (internal citations omitted). "Even so, the district court enjoys significant latitude in deciding whether to grant leave to amend, … . Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." Id. (internal citations omitted). In her application, the

Plaintiff appeals to the Rule's call for justice, however, the interests of justice must serve both plaintiffs and defendants equally. In the case at hand, undue delay and undue prejudice to the opposing party prevent this Court from allowing said leave on the eve of trial. See Kunelius v. Town of Stow, 588 F.3d 1 (1st Cir.2009) (declining to find that district court abused discretion in denying such a circuitous request for an amendment to the complaint after summary judgment motions had been docketed).

Finally, the Defendant moves this Court to reconsider its ruling on substantive grounds. Avon purports in its motion for reconsideration that this Court should have ruled that due to lack of temporal proximity, no causal connection could be found between Plaintiff's protected conduct and her termination, and thus, her ADEA retaliation claim should have been dismissed. See Docket No. 66. In her response, the Plaintiff avers that temporal proximity is not the only way to establish the required causal connection requirement, and that the evidence submitted by Lugo at the summary judgment stage, such as the evidence of disparate treatment, was sufficient to support its case and deny summary judgment. See Docket No. 73. Avon replied, however, that to the extent Plaintiff was unable to establish an element of the prima facie case of retaliation under ADEA, the Plaintiff could not skip to the pretext stage of the McDonnell Douglas[2] burden-shifting framework. See Docket No. 75.

As previously set forth by this Court, where there is no direct evidence of retaliation, the plaintiff may proceed to establish a prima facie case that closely tracks the McDonnell Douglas framework: the plaintiff must show that (1) she engaged in ADEA-protected conduct, (2) she was thereafter subjected to an adverse employment action, and (3) a causal connection existed between the protected conduct and adverse action. See Ramirez Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67, 84 (1st Cir.2005); see also Bennett v. Saint-Gobain Corp., 507 F.3d 23, 32 (1st Cir.2007) (noting that at a bare minimum, this requires an employee to make a "colorable showing of a causal connection" between his protected activity and the adverse employment action). Furthermore, this Court also held that the temporal gap between Lugo's letter and her termination is "sufficiently large so that, **without some corroborative evidence**, it will not support an inferred notion of a causal connection between the two." See Docket No. 62 at page 22 (emphasis ours).

---

[2]See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

It is firmly established caselaw that it remains the plaintiff's burden to produce evidence of a causal connection between a defendant's discriminatory biases and the challenged employment action. See Mercado-Berrios v. Cancel-Alegria, 611 F.3d 18, 23 (1st Cir. P.R. 2010). "Such evidence can be direct or circumstantial, and it can come in a wide variety of forms." Id. (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991)). In Mesnick, an age discrimination and retaliation case, the First Circuit Court of Appeals held that "[t]here are many sources of circumstantial evidence that, theoretically, can demonstrate retaliation in a way sufficient to leap the summary judgment or directed verdict hurdles." Mesnick, 950 F.2d at 828.

> These include, but are not limited to, evidence of differential treatment in the workplace, … , statistical evidence showing disparate treatment, … , temporal proximity of an employee's protected activity to an employer's adverse action, … , and comments by the employer which intimate a retaliatory mindset. Whatever the sources of his proof, a plaintiff, in order to survive judgment as a matter of law, must present evidence from which a reasonable jury could infer that the employer retaliated against him for engaging in ADEA-protected activity.

Id. (internal citations omitted). In other words, "[w]hatever form the evidence takes, … it must be sufficiently probative to support a finding that the plaintiff's protected activity … was a substantial or motivating factor in the employment decision, that is, that the protected activity or status was an impetus for, or moved the employer towards, the employment decision." Mercado-Berrios, 611 F.3d at 24 (citing Costa-Urena v. Segarra, 590 F.3d 18, 25 (1st Cir.2009) (internal quotation marks omitted).

It is an uncontested fact that on September 21, 2007, Plaintiff's attorney sent a letter to Avon's Director of Human Resources wherein Lugo objected to her transfer on the basis of age discrimination. See Docket No. 62. It is also undisputed that Avon discharged Lugo from her employment on October 31, 2008, thirteen months after Plaintiff engaged in protected conduct. See Docket No. 62. Because the Plaintiff was unable to establish sufficient temporal proximity to establish a causal connection between the protected conduct and the relevant adverse action, namely, her termination, the Court must now determine whether the Plaintiff presented other forms of circumstantial evidence from which a reasonable jury could infer that the employer retaliated against the Plaintiff for engaging in ADEA-protected activity. Pursuant to the applicable law, this evidence may consist of

evidence of disparate treatment or comments by the employer which suggest a retaliatory animus.[3]

At the summary judgment stage, the Defendant set forth evidence to the effect that Lugo received the lowest possible rating in her 2007 evaluation, which was discussed in early 2008, and that she was placed in a probationary period[4]. It thus follows that Lugo's evaluation took place shortly after her internal complaint of age discrimination. Additionally, it was found to be an uncontested fact that at least five (5) other Avon employees, who held similar positions to that of Plaintiff's, had serious performance problems, did not improve their performance, but yet have continued working for Avon. See Docket No. 62. Lugo also submitted, and was deemed a triable issue of fact, that she was the victim of ageist comments on the part of her supervisors Dennis Roman and Jose Quiñones. Considering the foregoing, the Court holds that enough other circumstantial evidence of causal connection exists for a factfinder to conclude that Plaintiff can make out a prima facie case of retaliation under ADEA.

In Mesnick, the First Circuit also held that "courts confronted by summary judgment motions must at this point focus on the ultimate question, scrapping the burden-shifting framework in favor of considering the evidence as a whole." Mesnick, 950 F.2d at 827. "Thus, the critical inquiry becomes whether the aggregate evidence of pretext and retaliatory animus suffices to make out a jury question." Id.

In our analysis of Lugo's ADEA claim as to her termination, the Court stated that to the extent the Defendant's proffered reasons for terminating Plaintiff required us to make credibility determinations, the Court could not encroach into what is so decidedly a duty for the jury. Moreover, the Court also held that a reasonable factfinder could deem the Company's deviations from its policies, the disparate application thereof, as well as the matter

---

[3]In its motion for reconsideration, the Defendant relies in part in the First Circuit Court of Appeals' decision in Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, (1st Cir.2004), in support of its argument that the lack of temporal proximity automatically renders Plaintiff's ADEA retaliation claim groundless. However, a careful reading of this case deviates from Defendant's application thereof. In Calero-Cerezo, the First Circuit held that where the plaintiff "**relies primarily** on the timing of the employment actions as her **primary evidence** of causal connection," id. at 25 (emphasis ours), " … the temporal proximity must be very close." Id. To that effect, the First Circuit stated that "[t]hree and four month periods have been held insufficient to establish a causal connection based on temporal proximity." Id. at 25. Because the case now before the Court is not one in which merely temporal proximity is asserted as evidence of a causal connection, its strict application is inapposite.

[4]See Docket No. 37-11 at page 95.

of the ageist comments still in controversy, as evidence of pretext. See Docket No. 62 at pages 16-18. In light of our duty to consider the evidence *as a whole* at this stage of the proceedings, as well as our obligation to examine the facts in the light most favorable to Plaintiff, see Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir.2002), we hereby hold that sufficient evidence on record exists to permit a factfinder to conclude that the Plaintiff can make out a case of retaliation under ADEA. As a result, this Court is precluded from summarily disposing of said claim, and Defendant's motion to that effect must be **DENIED**.

**B. State-Law Retaliation Claim**

In our Opinion and Order (Docket No. 62), the Court failed to address the merits of Plaintiff's state-law claims inasmuch as Plaintiff's ADEA claims remained pending. See Docket No. 62. However, the Defendant now argues that this Court should have dismissed Plaintiff's retaliation claim pursuant to local law. Avon asserts that a state-law cause of action for retaliation as a result of an internal complaint simply does not exist. According to Defendant, a retaliation cause of action is recognized in Act No. 115 of December 20, 1991, 29 L.P.R.A. § 194-194b (2001) ("Law No. 115"), not Law No. 100, as cited by the Plaintiff in the complaint. Nevertheless, the protection afforded by Law No. 115 is only extended to employees who file or participate in charges, complaints, or proceedings before a legislative, administrative or judicial forum. See Docket No. 66. In her opposition, Plaintiff counters that she has a cognizable claim for retaliation as a result of her internal complaint pursuant to Law No. 115 because in her internal complaint letter she communicated to Avon "*her intention to* seek judicial action … ." See Docket No. 73 (emphasis ours).

Law 115 provides that an employer may not discharge, threaten, or discriminate against an employee should the employee "offer or **attempt to** offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico." P.R. Laws Ann. tit. 29, § 194a (emphasis ours).

The Court first notes that an important semantic difference exists between *having the intention of* carrying out an act versus *attempting* to carry out the same act, the latter being what the law requires. In other words, the complaint letter may have stated that taking judicial action against Avon was on Lugo's mind, but it was not until she was terminated that she carried out conscientious efforts and activity intended in so accomplishing.

Nevertheless, this Court has previously held that "Law 115 does not prohibit retaliation in response to internal complaints, only offerings to a judicial forum." Cabrera v. Sears, Roebuck De Puerto Rico, Inc., No. 08-1325, 2009 WL 2461688, at *9 (D.P.R. August 10, 2009) (citing P.R. Laws Ann. tit. 29, § 194a; Hoyos v. Telecorp Commc'ns., 405 F.Supp.2d 199, 207 (D.P.R.2005)). See also Villanueva-Batista v. Doral Financial Corp., No. 08-1214, 2009 WL 4936396 (1st Cir. December 23, 2009) ("Law No. 115 protects only 'testimony, expression or information … before a legislative, administrative, or judicial forum,' not internal complaints.").

The Plaintiff has failed to produce any evidence that she offered or attempted to offer testimony or information to a legislative, administrative or judicial forum prior to her termination. Accordingly, the Defendant is entitled to summary judgment dismissing Lugo's state-law retaliation claim, and thus, its motion for reconsideration is **GRANTED** on those grounds.

## C. Ellerth/Faragher Affirmative Defense

Finally, Avon purports in its motion for reconsideration that this Court "concluded that the Faragher/Ellerth affirmative defense is not available to Avon, based on the fact that Avon did not investigate plaintiff's internal complaint of discrimination." See Docket No. 66 at pages 8-9. The Defendant misquotes the Court. In our Opinion and Order, the Court stated that the Ellerth-Faragher[5] defense is unavailable to Avon because Lugo was the victim of tangible employment actions by the same supervisor who she alleges made discriminatory comments regarding her age. See Docket No. 62 at page 19. We reiterate our finding herein.

> *Although there is no affirmative defense if the hostile environment "culminates in a tangible employment action" against the employee*, Ellerth, 524 U.S., at 765, 118 S.Ct. 2257, an employer does have a defense "[w]hen no tangible employment action is taken" if it "exercised reasonable care to prevent and correct promptly any" discriminatory conduct and "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise," ibid.

Crawford v. Metropolitan Government of Nashville and Davidson, 555 U.S. 271, 129 S.Ct. 846, 852 (2009) (emphasis ours). Therefore, our ruling on the matter stands and the Defendant's motion is DENIED on those grounds.

---

[5]See Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. Boca Raton, 524 U.S. 775 (1998).

### III.  CONCLUSION

For the reasons stated above, this Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's motion for reconsideration (Dockets No. 66). Accordingly, Plaintiff's state-law retaliation claims are hereby **DISMISSED WITH PREJUDICE.** However, Plaintiff's ADEA retaliation claim remains and the Court maintains its ruling that the Faragher/Ellerth defense is unavailable to the Defendant for the reasons explained in our Opinion and Order of March 1st, 2011 (Docket No. 62).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 10, 2011.

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE